IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edtroy Harper,<br><br>　　　　　Petitioner,<br>v.<br><br>Ryan Thornell, et al.<br><br>　　　　　Respondent. | No. CIV 24-319-TUC-CKJ<br><br>**ORDER** |

On August 5, 2025, Magistrate Lynnette C Kimmins issued a Report and Recommendation (Doc. 16) in which she recommends the Court dismiss the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) filed by Petitioner Edtroy Harper ("Harper") as untimely.

The Report and Recommendation advised the parties that, pursuant to Fed.R.Civ.P. 72(b)(2), any party may serve and file written objections within fourteen (14) days after being served with a copy of the Report and Recommendation. *See also* 28 U.S.C. § 636(b)(1). The docket sheet indicates the copy of the Report and Recommendation mailed to Harper was returned as undeliverable on August 7, 2025. The docket indicates the Clerk of Court re-sent the Report and Recommendation following an email from Arizona Department of Corrections staff stating Harper had been relocated to ASPC-Winslow (Kaibab unit) on June 30, 2025. On September 16, 2025, Harper submitted a Notice of Change of Address; this notice confirms the re-sending of the Report and Recommendation was sent to the correct address.

Based on the sending date of August 7, 2025, and allowing time for transit of the Report and Recommendation, the Court finds no objections have been filed within the time

provided by 28 U.S.C. § 636(b)(1),

After an independent review, the Court finds it is appropriate to adopt the Report and Recommendation and dismiss the Petition as untimely.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge) In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition

stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Harper's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 16) is ADOPTED.

2. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) by a Person in State Custody (Doc. 1) is DISMISSED as untimely.

3. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

4. A Certificate of Appealability shall not issue in this case.

DATED this 31st day of October, 2025.

_____
Cindy K. Jorgenson
United States District Judge